IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL LEE,                                    3:13-cv-01901-BR

       Plaintiff,                           OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

       Defendant.


BRUCE W. BREWER
Law Offices of Bruce W. Brewer, PC
P.O. Box 421
West Linn, OR 97068
(503) 621-6633

       Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1044


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**HEATHER L. GRIFFITH**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3709

       Attorneys for Defendant


**BROWN, Judge.**

       Plaintiff Michael Lee seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Act.

       This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **AFFIRMS** the final decision of the Commissioner.


### ADMINISTRATIVE HISTORY

       Plaintiff filed his application for DIB on August 11, 2010. Tr. 142.[1]  His application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on June 13, 2012.  Tr. 28.  At the hearing Plaintiff was

---

[1] Citations to the official transcript of record filed by the Commissioner on February 18, 2014, are referred to as "Tr."

represented by an attorney.  Plaintiff and a vocational expert
(VE) testified at the hearing.  Tr. 41.

The ALJ issued a decision on July 17, 2012, in which he
found Plaintiff is not entitled to benefits.  Tr. 33.  That
decision became the final decision of the Commissioner on
August 23, 2013, when the Appeals Council denied Plaintiff's
request for review.  Tr. 1-3.


## BACKGROUND

Plaintiff was born on February 14, 1956, and was 56 years
old on the date of the hearing.  Tr. 142.  Plaintiff has an
associate degree.  Tr. 194.  Plaintiff has prior relevant work
experience as a heavy-equipment operator.  Tr. 22.

Plaintiff alleges disability since February 7, 1998, due to
injuries related to an automobile accident, diabetes, high blood
pressure, post-traumatic stress disorder, and arthritis.
Tr. 142, 146.

Plaintiff does not challenge the ALJ's summary of the
medical evidence.  After carefully reviewing the medical records,
this Court adopts the ALJ's summary of the medical evidence.  *See*
Tr. 19-22.


## STANDARDS

The initial burden of proof rests on the claimant to

3 - OPINION AND ORDER

establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is "more than a mere scintilla" of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act.  *Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011).  *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser,* 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe

impairment or combination of impairments. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity. The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*,

6 - OPINION AND ORDER

659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser,* 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff did not engage in substantial gainful activity from February 7, 1998, his application date, through December 31, 2002, Plaintiff's date last insured.  Tr. 19.

At Step Two the ALJ found Plaintiff has the severe impairments of obesity, facial and leg fractures, and left-knee internal derangement.  Tr. 19-20.  Although the ALJ found Plaintiff's depression and anxiety were medically-determinable, he concluded they were non-severe impairments.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 28.  In his RFC assessment the ALJ found Plaintiff has the functional capacity to "perform light work as defined in 20 C.F.R. § 416.967(b)" except Plaintiff must limit standing and walking to two hours per day; can occasionally climb, crouch, stoop, and balance; and cannot kneel or crawl. Tr. 20-22.

At Step Four the ALJ found Plaintiff is unable to perform any past relevant work.  Tr. 22.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy such as agricultural produce-sorter and hand-packager.  Tr. 23-24. Although these jobs are listed at higher exertional levels in the

8 - OPINION AND ORDER

Dictionary of Occupational Titles (DOT), the ALJ relied on the VE's testimony that 15,000 agricultural product-sorter and 85,000 hand-packager jobs in the national economy could be performed in a seated position consistent with the limitations in Plaintiff's RFC.  Tr. 23.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 24.

### <u>DISCUSSION</u>

Plaintiff contends the ALJ erred by relying on the VE's testimony that a reduced number of hand-packager and agricultural product-sorter jobs were available to Plaintiff despite the Dictionary of Occupational Titles (DOT) listing those jobs at exertional levels inconsistent with Plaintiff's walking and standing limitations.

When a VE's testimony deviates from the DOT, "the ALJ must first determine whether a conflict exists" and then "determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert" rather than the DOT.  *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).  Reasonable explanations for conflicts between the DOT and VE testimony include the reality that "[e]ach occupation [in the DOT] represents numerous jobs," VEs may have additional information about particular job requirements from other publications or from the VE's professional experience, and

9 - OPINION AND ORDER

"[t]he DOT lists *maximum* requirements of occupations as generally

performed, not the range of requirements of a particular job as

it is performed in specific settings." SSR 00-49, 2000 WL

1898704, at *2-*3 (Dec. 4, 2000)(emphasis added). *See also*

*Massachi*, 486 F.3d 1153 n.17.

After the ALJ detailed his assessment of Plaintiff's RFC at

the hearing, the VE testified about occupations that Plaintiff

could perform consistent with his RFC:

> The best options would be some essentially sedentary
> jobs that are unskilled because there's really no good
> transferability of skills to jobs that would allow that
> much postural sitting.  Agricultural sorter is a job
> that's described as light but it can be done with a
> stool in about a third of the environments in which
> it's found.  So in Oregon there would be about 1,000 of
> jobs [*sic*].  There would be about 1,500 in the State of
> Washington and ten to 15,000 on a national basis that
> would be consistent with the hypothetical.
>
> Hand packaging.  The DOT title says it's medium but
> it's an omnibus title that goes across a large number
> of different work environments.  There are environments
> where the job is done in a sitting position, primarily
> nuts and fruits and dried candies and things – candies
> and dried fruits and things like that.  We would be
> looking at approximately 800 to 1,000 in the State of
> Oregon, about 1,800 in the State of Washington and
> nationally about 85,000 jobs that would be done
> predominantly in a sitting position.

Tr. 46-47.  The VE also testified Plaintiff could perform the

range of jobs that the VE described even if Plaintiff required a

cane to ambulate between work stations.  Finally, when asked by

the ALJ whether his testimony was consistent with the DOT, the VE

responded:  "To the extent that it describes these issues, yes."

Tr. 48.

In his decision the ALJ adopted the VE's testimony and "determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles, with the noted clarifications." Tr. 23.

Plaintiff contends the VE did not adequately explain his deviation from the DOT when he testified that some hand-packager and agricultural product-sorter jobs would be available even though those jobs were listed in the DOT as having prohibitive exertional requirements. Thus, according to Plaintiff, the ALJ erred when he improperly relied on the VE's testimony.

Plaintiff's argument is without merit. The VE reasonably explained a subset of the jobs listed in the DOT general classifications that have prohibitive exertional requirements as to standing and walking could actually be performed at a lower exertional level in a sitting position. A VE's explanation concerning the specific exertional requirements of a job that is different from the DOT's general classification is the type of explanation on which the ALJ may rely at Step Five. *See* SSR 00-49, at *2-*3. *See also Massachi*, 486 F.3d 1153 n.17. The Court notes Plaintiff does not argue the VE was unqualified to testify as a vocational expert, Plaintiff did not object to the VE's qualifications when asked at the hearing before the ALJ, and Plaintiff did not produce any evidence in the record to suggest

11 - OPINION AND ORDER

that the VE's explanation was erroneous.

Accordingly, on this record the Court concludes the ALJ properly relied on the VE's testimony.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the final decision of the Commissioner.

IT IS SO ORDERED.

DATED this 6th day of February, 2015.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER